FREDERICK J. DIETER, admr., *vs.* JAMES C. SHAFTER, et als.

October Term, 1897.

Present: ROSS, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

*Construction of Will.*

The testator's relatives were a mother, a sister, that sister's son and the children of a deceased sister. He bequeathed to a friend one-third of the net income of his estate during life, and to his mother the remaining two-thirds. Upon the death of both he bequeathed a portion of the net income to his sister during life and the remaining portion to her son, and upon the sister's death bequeathed the whole income to her son, but provided for only a limited annuity to the son in case he should prove indolent or intemperate, and provided further that "where the bequests aforesaid cease to become due, or any portion of them, or either of them, they, with all interest then due, shall be divided among the surviving heirs of" the testator's father and mother. Following immediately the bequests of income, the will stated that the testator would have been pleased to have made the children of his deceased sister beneficiaries of his estate, but for their greater wealth and his own recent losses. *Held,* that the exclusion referred to the income only, and that upon the cessation of the annuities the corpus of the estate must be divided among all the heirs of the testator's parents, including the children of the deceased sister.

APPEAL from the court of chancery. Heard upon bill and answer at the March Term, 1897, Washington County, before *Rowell,* Chancellor. Decree for the orator. The defendants appealed.

The case is stated in the opinion and in the decretal order of the court of chancery, the substantial part of which was as follows:

"The question is as to the construction of the testator's will. By it he gives to E. P. Jewett and Julia Clark, mother of the testator, for life, one-third and two-thirds, respectively, of the net income of his estate, and the whole income thereof to his mother for life, in the event of Jewett's death.

He gives to his sister, Emma G. Dieter, the orator's

mother, on the death of both Jewett and Mrs. Clark, a life annuity of $365, to be paid to her from the net income of his estate; and to the orator, his nephew, in the event aforesaid, he gives the remainder of said income, provided he leads a temperate and an industrious life, free from the use of intoxicating liquors and tobacco in any form or manner, to be paid to him yearly for life, and in case of the death of the orator's mother, he gives to him her annuity.

But if the orator leads an indolent and a drunkard's life, then and in that case he gives to him only $375 annually during life, to be paid out for him by the executors from time to time for board, clothing, sickness, and his use and benefit, as they think he needs it; and in addition thereto he reserves a further yearly sum of $225, and interest, to be held by his executors, to pay the orator's absolute necessities aforesaid in excess of said annuity of $375.

The testator says it would please him to make his brother-in-law, James Shafter, whom he loves and honors, the former husband of his dead sister Julia, and his family, beneficiaries of his estate, if it were not for their greater wealth and his recent loss by fire and sickness.

The last provision of his will is that 'when the bequests aforesaid cease to become due, or any portion of them, or either of them, they, with all interest then due, shall be divided among the surviving heirs of Chester Hubbard and Julia Clark.'

Chester Hubbard was the husband of the said Julia Clark, and the father of the testator, of Mrs. Dieter, who alone of her father's family survived the testator, and of Mrs. Shafter, and the said Julia was their mother, and the defendants are the children and sole heirs of Mrs. Shafter, and the orator is the sole heir of his mother, who is dead.

On November 11, 1887, the orator conveyed to his mother all his interest in the income and property of the estate under the will, and she thereafter, as long as she lived, had and received to her own use the income that the will gave to

him; and the bill alleges that upon the receipt of such conveyance she became and was entitled to have the corpus of the property of the estate decreed to her; and she being dead, and all the specific legacies terminated in one way and another, and the debts paid, the orator claims that he is equally entitled, by inheritance from her.

The defendants deny this, and say that the orator's mother did not become thus entitled by virtue of his conveyance to her nor otherwise; for that the orator's rights under the will were and are subject to a contingency that may happen at any time during his life, and that therefore he could not convey an absolute title to her, but that she took as he held, and not otherwise; that the provisions of the will for the benefit of the orator constitute a trust, as continuous as the life of the orator, which it is the duty of the administrator as such to administer. They further say that under the last provision of the will there could nor can be no failure of bequests except upon the happening of the contingency, that hedges about the bequest to the orator or upon his death, his mother surviving, and that therefore, as long as the orator, either in his own right or as heir of his mother, continues to receive the income of the estate under the will, subject to the contingency therein, distribution cannot be made. They further say that that portion of the will in which the testator assigned reasons for not giving to Shafter and his family, does not exclude the defendants from sharing in the corpus, but only in the income of the estate.

But it is considered, adjudged, and decreed, that it was the intention of the testator to exclude the defendants, not only from participating in the income of his estate, but from sharing in the corpus thereof as well, and that, therefore, they take nothing under the will.

It is further considered, adjudged, and decreed, that Mrs. Dieter, the orator's mother, took the entire estate in fee under the will when the orator conveyed his life interest

therein to her, if not before, and she being dead, that the orator takes the estate from her, and is now the sole and absolute owner thereof."

*S. C. Shurtleff* for the orator.

*George W. Wing* for the defendants.

TAFT, J.　We are required to construe the will of Timothy J. Hubbard.　The testator distributes the income of his estate, by way of annuities, to Elisha P. Jewett, Julia Clark, Emma G. Dieter, and Freddie J. Dieter, during their lives, and states as a reason why he does not make his brother-in-law, Shafter, and his family, beneficiaries of his estate, the greater wealth of Shafter and his family, and his, the testator's reduced estate, by reason of loss by fire and sickness.　He then gives his executors five thousand dollars for certain specified purposes such as he might thereafter designate by memoranda and empowers them to sell any portion of his real estate, and in the next succeeding clause appoints the executors of the will.　Then follows a clause which provides that when "the bequests aforesaid cease to become due, or any portion of them, or either of them, they, with all interest then due, shall be divided among the surviving heirs of Chester Hubbard and Julia Clark aforesaid."

The question is, whether the testator excludes the defendants, the Shafter children, from sharing in the corpus of the estate.　Precedents are of little aid in the construction of wills, so seldom two are found with like terms.

There are eleven clauses in the will besides the formal beginning and ending.　The first directs the payment of his debts and funeral charges; the next five direct the division of the income of his estate among the persons above named, during their lives, and in juxtaposition therewith, the clause stating the reason why he does not make the Shafter family beneficiaries of his estate.　In these clauses, to this point in the will, he disposes of the income of his estate and nothing save the income.　He then gives his executors five

thousand dollars, to be disposed of as he might by memoranda direct, and empowers them to sell his real estate, if in their judgment they deemed it for the interest of the estate. Then follows the appointment of his executors, which frequently is the last item in a will, and concludes by giving the estate, after the annuities have all ceased, to the heirs of his parents, Chester Hubbard and Julia Clark. By the term beneficiaries, the testator meant the persons who took the use and benefit of his estate by way of annuities. He did not intend to exclude the heirs of his sister Julia from sharing in the estate after the death of all the annuitants. The testator did not intend the distribution of his estate until after the death of all the annuitants, and he expected, one would infer from the terms of the will, that Freddie would outlive the other annuitants. If Freddie died without issue, the Shafter children would be the only surviving heirs of the testator's parents. Had the testator intended to exclude them from sharing in the corpus of his estate he would naturally have left the residue of his estate to the heirs of his sister, Mrs. Dieter, instead of the heirs of his parents, for the only heirs of his parents would be her issue and the Shafter children. The decree that Mrs. Dieter took the orator's interest in the estate when he conveyed his life interest therein to her, if not before, was correct, but that part of the decree which excluded the defendants from sharing in the corpus of the estate was erroneous and must be reversed.

*Decree reversed and cause remanded.*